**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose MURPHY, Defendant–Appellant.**

**No. 12–13541**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 6, 2013.

Nicole D. Mariani, Eloisa Delgado Fernandez, Wifredo A. Ferrer, Seth Michael Schlessinger, Anne Ruth Schultz, U.S. At-

torney's Office, Miami, FL, for Plaintiff–Appellee.

Ricardo Bascuas, University of Miami School of Law, Coral Gables, FL, Anthony John Natale, Paul Michael Rashkind, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jose Murphy appeals his 110–month sentence, imposed after pleading guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(1). On appeal, Murphy argues that the district court plainly erred by applying to his sentence a six-level enhancement for use of a firearm, pursuant to U.S.S.G. § 2B3.1(b)(2)(B), because the BB gun he contended that he used during the commission of the carjacking does not meet the Guidelines definition of a firearm. At sentencing, Murphy admitted that he used a BB gun during the carjacking offense, and expressly withdrew his original objection to the enhancement.

We typically review *de novo* the district court's application and interpretation of the sentencing guidelines and reviews its factual findings for clear error. *United States v. Wilks*, 464 F.3d 1240, 1242 (11th Cir.2006). "Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir.2009) (internal quo-

tation marks omitted). The invited-error doctrine "is implicated when a party induces or invites the district court into making an error," and "a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir.2006) (internal quotation marks omitted). Where the invited-error doctrine applies, "it precludes a court from invoking the plain error rule and reversing." *Id.* (internal quotation marks omitted).

Because our review of the record persuades us that Murphy invited the error of which he complains by withdrawing his original objection to the firearm enhancement and stating that he was not objecting to the enhancement because he had a firearm during the carjacking, we affirm his sentence.[1]

**AFFIRMED.**

---

1. Even if we concluded that the invited error doctrine did not apply, we would still hold that the district court did not plainly err in applying the enhancement.